SMITH, Justice:
The appellee, Jack M. Sanderson, sued Blue Ribbon Poultry Company, Inc., appellant, in the County Court of Forrest County, claiming damages for the alleged breach of a three-party agreement relating to a chicken raising project. The case was tried before the judge, without a jury, and a judgment was entered for' appellee in the amount of $2500 for “loss of anticipated profits.” This judgment was affirmed by the Circuit Court.
The “contract” provided that Blue Ribbon would place baby chickens with a third *640 party, to be raised to maturity by him and sold to Blue Ribbon “for a certain fee for growing said broilers as specific grower contracts negotiated upon placement of each flock.” Appellee Sanderson’s part in the contract was to store feed and other supplies “as agreed upon” with Blue Ribbon, and to deliver the same “upon order of” Blue Ribbon, or of the third party. It was specified that Sanderson was to receive $3.50 per ton for “feed delivered” by him to the grower. There is nothing whatever in the contract binding Blue Ribbon or the grower to place with Sanderson for storage, or to order delivered, or to “agree upon,” any certain amount of feed or supplies, or, for that matter, any at all. As to the grower, the agreement here suffers from the same deficiency, and was unenforceable for the same reason, as the contract considered by this Court in Gordon v. Pelahatchie Broiler Hatchery, 220 Miss. 722, 71 So.2d 769 (1954).
Blue Ribbon and the grower discontinued the project after some twenty-two weeks and made a final settlement between themselves. No more feed was ordered to be stored or delivered by Sanderson.
Since Sanderson’s right to payment was on a “when, as and if” basis, and the contract contained no provision obligating Blue Ribbon to store with Sanderson, or to have delivered by him, any amount of feed or other supplies, there was no enforceable executory contract and no basis for an award to him of damages for loss of anticipated profits.
The case is reversed and judgment is entered here for appellant.
Reversed and judgment entered here for appellant.
GILLESPIE, P. J., and ROGERS, JONES and ROBERTSON, JJ., concur.